UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROSKAUER ROSE LLP,                    Case No. _____

                Plaintiff,

- against -

JONATHAN O'BRIEN,

                Defendant.

### DECLARATION OF KEVIN POLAKOFF IN SUPPORT OF PLAINTIFF'S MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER

I, Kevin M. Polakoff, hereby declare as follows:

1. I am the Director of Technology Support at plaintiff Proskauer Rose LLP ("Proskauer" or the "Firm"). I have personal knowledge of the facts set forth herein and, if called to do so, could competently testify thereto.

2. I have worked at Proskauer since January 2011. I report to the Firm's Chief Information Officer, who reported to the Firm's Chief Operating Officer, defendant Jonathan O'Brien.

3. I run the Firm's Technology Support Team, of which the "Help Desk" is a part. The Help Desk is a hotline that Proskauer employees can contact with various technology-related issues.

4. On December 5, 2022, Mr. O'Brien called me at my direct phone number. He asked me for access to download files from his work computer to removable media. Proskauer's technical controls generally prohibit the use of removable media like USB thumb drives with Firm

1

computers unless a user requests an exception for a legitimate, work-related purpose. While I had handled technology-related issues for Mr. O'Brien before, this was the first time I am aware of him asking me or anyone else for access to use removable media.

5. During that phone call, Mr. O'Brien told me he needed access to use removable media in order to provide information to consultants who were working with the Firm. He also told me he already had a USB drive, and did not need one.

6. Following the call, at 1:09 pm, I created a "ticket" within the Firm's service management system on Mr. O'Brien's behalf. That system is designed to track and escalate tickets to different support groups. Tickets are work assignments for technicians and support groups. A true and correct copy of that ticket, exported from the Firm's service management system, is attached hereto as Exhibit 1.

7. The system prompted me to input basic information about Mr. O'Brien's request. I stated in the ticket that the purpose of the request was to allow Mr. O'Brien to "download Firm data to removable media." (Exhibit 1 at p. 3.) Based on what Mr. O'Brien had told me about the reason for his request, I also stated in the ticket that he needed access in order to "download data from local drive to a USB to provide to consultants." (Exhibit 1 at p. 1).

8. The system automatically routed the ticket to the Help Desk, where one of my colleagues, Nicholas Yusupidi, took charge of the ticket. (Exhibit 1 at p. 2-3.) Because of Mr. O'Brien's status as the Firm's Chief Operating Officer, we treated Mr. O'Brien's request to copy files to a USB drive as fully authorized; it did not require review by anyone else. From my experience in handling similar requests for Mr. O'Brien and others with authority to approve requests, I believe that is why Mr. Yusupidi noted in the ticket that the approval was "implied" and then promptly granted the request. (Exhibit 1 at p. 2.)

9. Between December 5, 2022 and December 16, 2022, the ticket remained open and Mr. O'Brien's access was never revoked. (Exhibit 1.)

10. On December 16, 2022, apparently unaware that his access had not been revoked, Mr. O'Brien called me at my direct phone number again and requested access to download files to removable media for 24 hours. He told me he needed access again because he had made a mistake and forgotten to include a folder in the materials he had prepared for the consultants.

11. Based on Mr. O'Brien's representation, I created another self-service ticket on Mr. O'Brien's behalf, a true and correct copy of which is attached hereto as Exhibit 2.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge.

Dated: New York, New York
       December 27, 2022

*/s/ Kevin M. Polakoff*
Kevin M. Polakoff