UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROSKAUER ROSE LLP,

                Plaintiff,            Case No. _____

    - against -

JONATHAN O'BRIEN,

               Defendant.

## DECLARATION OF MICHAEL T. MERVIS IN SUPPORT OF PLAINTIFF'S MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER

I, Michael T. Mervis, declare as follows:

    1.    I am an attorney admitted to practice in this Court and a partner at plaintiff Proskauer Rose LLP ("Proskauer"). Proskauer is representing itself in the above-captioned action. I submit this declaration in support of Proskauer's proposed Order to Show Cause seeking a temporary restraining order and preliminary injunction in the above-captioned action.

    2.    A Complaint is being filed simultaneously with the Order to Show Cause.

    3.    Proskauer's application is brought by Order to Show Cause rather than by Notice of Motion because swift action is required to prevent defendant Jonathan O'Brien ("Mr. O'Brien") from irreparably injuring Proskauer's business.

    4.    As more fully set forth in the Declaration of Daryn A. Grossman, dated December 27, 2022, the Declaration of Ken Hsu, dated December 27, 2022, the Declaration of Kevin M. Polakoff, dated December 27, 2022, the Declaration of Christopher H. Gardephe, dated December 27, 2022, the Complaint, and the Memorandum of Law submitted herewith, Proskauer faces immediate and irreparable injury before Mr. O'Brien can be heard in opposition to the Order to

Show Cause. Mr. O'Brien stole a voluminous collection of Proskauer's highly confidential trade secrets, including information pertaining to Proskauer's profitability, compensation structure, and strategic planning. Absent immediate injunctive relief, Mr. O'Brien could use or disclose that information in a manner that will cause Proskauer further and grave irreparable harm.

5. If Mr. O'Brien is given notice that Proskauer has discovered his theft, he will have the means, opportunity, and incentive to destroy the evidence of his misconduct and/or further propagate and disseminate the trade secrets he stole before he is brought before the Court. Indeed, with current technological capabilities, Mr. O'Brien could further copy, transfer, and disseminate the trade secrets within a matter of minutes, without risk of violating any court orders. For that reason, *ex parte* relief is necessary here.

6. Because Mr. O'Brien has no legitimate interest in the stolen materials, he will not suffer any legally cognizable harm from the issuance of a temporary restraining order requiring him to return the information he stole from Proskauer and restraining him and anyone acting in concert or participation with him from misappropriating, disseminating, and/or using the confidential information prior to a preliminary injunction hearing in this action.

7. There has been no prior request for the emergency relief requested in Proskauer's proposed Order to Show Cause.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: New York, New York
December 27, 2022

Michael T. Mervis