UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PROSKAUER ROSE LLP,

               Plaintiff,         Case No. 22 Civ. 10918 (AT)

  - against -

JONATHAN O'BRIEN,

               Defendant.

---

### [~~PROPOSED~~] ORDER TO SHOW CAUSE FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Upon the application of plaintiff Proskauer Rose LLP ("Proskauer"), the Declaration of Daryn A. Grossman, dated December 27, 2022, the Declaration of Yong ("Ken") C. Hsu, dated December 27, 2022, the Declaration of Kevin M. Polakoff, dated December 27, 2022, the Declaration of Christopher H. Gardephe, dated December 27, 2022, the Declaration of Michael T. Mervis, dated December 27, 2022, the Complaint in this action, and the Memorandum of Law submitted herewith, it is hereby:

**ORDERED** that the above-captioned defendant, Jonathan O'Brien ("Mr. O'Brien"), show cause before the Hon. Analisa Torres, on January 10, 2023, at 11:00 a.m., via telephone lines (888) 398-2342 or (215) 861-0674, access code 5598827, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure as follows:

    1.    Ordering Mr. O'Brien, and anyone acting in concert or participation with Mr. O'Brien who receives notice of this Order, to refrain from engaging in further acts of

1

misappropriation of any of Proskauer's proprietary, confidential and/or trade secret information obtained from Proskauer's computer systems;

2. Ordering Mr. O'Brien, and anyone acting in concert or participation with Mr. O'Brien who receives notice of this Order, to refrain from using, copying, reviewing or disclosing any of Proskauer's proprietary, confidential and/or trade secret information obtained from Proskauer's computer systems;

3. Ordering Mr. O'Brien, and anyone acting in concert or participation with Mr. O'Brien who receives notice of this Order, to account for any and all of Proskauer's proprietary, confidential and/or trade secret information currently in his custody or control, or in the alternative, produce for immediate inspection and imaging all computers and/or other electronic devices belonging to, under the control of, accessible to, or operated by him, including his home computer(s) and/or other electronic devices capable of transmitting and/or storing information;

4. Ordering that Mr. O'Brien, and anyone acting in concert or participation with Mr. O'Brien who receives notice of this Order, is temporarily restrained from working or consulting for any person or business (a) to whom he has disclosed or discussed any of the materials he copied from Proskauer's computer systems, or (b) with whom, on or after December 5, 2022 through the date of this order, he discussed any employment or consulting arrangement.

IT IS FURTHER ORDERED that, based upon Proskauer's showing (1) Mr. O'Brien was an officer and employee of Proskauer who likely misappropriated valuable trade secrets and confidential information in the days leading up to his resignation by downloading and/or recruiting and directing his subordinates to assist him in downloading files containing highly confidential and trade secret information to removable media, (2) Mr. O'Brien likely has misappropriated trade secrets in violation of the Defense of Trade Secrets Act, 18 U.S.C. § 1839(5) ("DTSA"), and New

York law, (3) Proskauer is likely to succeed on its claims, including its claim for trade secret misappropriation under the DTSA and its claim for trade secret misappropriation under New York law, (4) Proskauer has suffered injury from the misappropriation of its highly sensitive trade secrets and other confidential information and will continue to suffer irreparable injury if Mr. O'Brien is not temporarily restrained as set forth herein, and Proskauer's losses are not yet fully known or readily calculable, (5) Mr. O'Brien could easily copy Proskauer's trade secrets and confidential information onto another device or other storage media, or destroy or otherwise alter evidence of misappropriation and dissemination without the knowledge of Proskauer or the Court; and (6) the Court deems that it is necessary for this Order to be issued without notice to Mr. O'Brien as advance notice risks the use, transmittal, modification, deletion, destruction or loss of the trade secrets and confidential information, as well as evidence contained on Mr. O'Brien's computers and computing storage devices, pending this Court's hearing on Proskauer's motion for a preliminary injunction:

1. Mr. O'Brien, and anyone acting in concert or participation with Mr. O'Brien who receives notice of this Order, is temporarily restrained from further misappropriation, dissemination, copying, and use of any of Proskauer's proprietary, confidential and/or trade secret information (including copies thereof) that he copied, printed or otherwise obtained from Proskauer's computer systems, including all copies of Proskauer's electronic files and all paper copies in his possession (including the two USB drives to which Mr. O'Brien and/or subordinates copied Proskauer information on December 5, 2022 and December 16, 2022, and any electronic or paper copies of files on those drives);

2. Mr. O'Brien, and anyone acting in concert or participation with Mr. O'Brien who receives notice of this Order, is temporarily restrained from continuing to possess and shall return

to Proskauer, by no later than January 5, 2023 at 12:00 noon, any and all of Proskauer's proprietary, confidential and/or trade secret information (including copies thereof) that Mr. O'Brien and/or subordinates at his direction copied, printed or otherwise obtained from Proskauer's computer systems, including all copies of Proskauer's electronic files and all paper copies in his possession (including the two USB drives to which Mr. O'Brien and/or subordinates at his direction copied Proskauer information on December 5, 2022 and December 16, 2022, and any electronic or paper copies of files on those drives);

3. Mr. O'Brien, and anyone acting in concert or participation with Mr. O'Brien who receives notice of this Order, is temporarily restrained from destroying, deleting, transferring, copying, or downloading of any of Proskauer's proprietary, confidential and/or trade secret information in his or their custody or control;

4. Mr. O'Brien, and anyone acting in concert or participation with Mr. O'Brien, shall permit the permanent removal, deletion, and destruction of all copies of Proskauer's electronic files or information transmitted to Mr. O'Brien's computers or personal email accounts or otherwise in his possession, subject to the supervision of Proskauer, so as to preserve evidence of all such files or information;

5. Mr. O'Brien, and anyone acting in concert or participation with Mr. O'Brien who receives notice of this Order, is temporarily restrained from working or consulting for any person or business (a) to whom he has disclosed or discussed any of the materials he copied from Proskauer's computer systems, or (b) with whom, on or after December 5, 2022 through the date of this order, he discussed any employment or consulting arrangement and in any way mentioned or suggested he obtained information in the course of his employment with Proskauer.

**IT IS FURTHER ORDERED** that Proskauer is not required to provide an undertaking in support of the restraining order; and

**IT IS FURTHER ORDERED** that service by e-mail at Mr. O'Brien's personal email address (Jonathan_obrien@msn.com) of a copy of this Order and the above-referenced Declarations, Memorandum of Law and Complaint upon Mr. O'Brien or his counsel on or before December 29, 2022 at 10:00 a.m., Eastern Standard Time shall be deemed good and sufficient service thereof.

Dated: New York, New York  
December 28, 2022 at 5:14 pm

SO ORDERED

_____  
John P. Cronan  
United States District Judge