UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
PROSKAUER ROSE LLP,

        Plaintiff,

    v.

JONATHAN O'BRIEN,

        Defendant.

------------------------------------x

1:22-cv-10918-AT-SLC

## DECLARATION OF DAVID M. LEDERKRAMER IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

I, David M. Lederkramer, declare as follows:

1. I am an attorney admitted to practice in this Court and a partner at plaintiff Proskauer Rose LLP ("Proskauer" or the "Firm"). I am also Proskauer's General Counsel and have held that position since 2019. I submit this declaration in support of Proskauer's motion for a preliminary injunction in the above-captioned action.

2. I have been a partner at Proskauer since 1990. Prior to that I was an associate at the Firm, beginning in 1982, the year of my law school graduation.

3. As General Counsel, I am familiar with Proskauer's practices with respect to the implementation and lifting of litigation holds.

4. I have reviewed the declaration submitted by defendant Jonathan O'Brien in this case ("O'Brien Decl."), including his description of the Firm's litigation hold process. In it, Mr. O'Brien testifies that Proskauer "handles litigation holds in two ways: (1) via the General Counsel's office or its designee ('GCO') or (2) through e-discovery." O'Brien Decl. ¶ 43. To the extent Mr. O'Brien means to suggest that e-discovery personnel have the authority or discretion to

lift a litigation hold, he is incorrect. That authority or discretion is held only by me and those Firm attorneys designated by me in particular circumstances.

5. The reason for this is straightforward. The decision to implement or lift a litigation hold sometimes requires knowledge of sensitive information to which e-discovery personnel do not have access. Those decisions can sometimes involve deliberations among and between me and my designees and our Chairman and/or Managing Partner. The Firm's e-discovery personnel are not privy to those communications. In some cases, the reason for a litigation hold is sensitive and not disclosed to the Firm's e-discovery personnel.

6. Mr. O'Brien testifies that he was subject to a litigation hold because of a suit against the Firm that had been resolved in 2019. He says that when that case was resolved, the litigation hold applicable to him "should have been automatically removed." O'Brien Decl. ¶ 46. Putting aside that this was not Mr. O'Brien's decision to make, the fact is that Mr. O'Brien was subject to a litigation hold for another, separate matter having nothing to do with the lawsuit he mentions in his declaration. Because this separate reason for the litigation hold is sensitive, it would not have been disclosed to Mr. Gardephe and Ms. Peterson, with whom Mr. O'Brien communicated about lifting his litigation hold. It is for this reason, among others, that it is not appropriate for any litigation hold to be lifted without my authorization or the authorization of my designee.

Executed at New York, New York on this 18th day of January 2023. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
David M. Lederkramer