UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
PROSKAUER ROSE LLP,                 :
                                    :
                    Plaintiff,      :
                                    :   1:22-cv-10918-AT-SLC
        v.                          :
                                    :
JONATHAN O'BRIEN,                   :
                                    :
                    Defendant.      :
                                    :
------------------------------------x

# SECOND DECLARATION OF KEVIN M. POLAKOFF IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

I, Kevin M. Polakoff, hereby declare as follows:

1. I am the Director of Technology Support at plaintiff Proskauer Rose LLP ("Proskauer" or the "Firm"). I submit this declaration to supplement and reaffirm my December 27, 2022 declaration in light of Jonathan O'Brien's January 11, 2023 declaration ("O'Brien Decl."). I have personal knowledge of the facts set forth herein and, if called to do so, could competently testify thereto.

2. As I explained in my prior declaration, I run the Firm's Technology Support Team, of which the "Help Desk" is a part. The Help Desk is a hotline that Proskauer employees can contact with various technology-related issues.

3. Mr. O'Brien states in his declaration that he "was struggling to email large files and had received a number of bounce backs, which Proskauer should be able to see in my Firm email. . . . That was why, on December 5, I spoke with the Director of Technology Support, Kevin Polakoff, to ask him whether an external party would be able to access Proskauer information via a USB." O'Brien Decl. ¶ 29. O'Brien states further

that "[d]uring that same conversation on December 5 with Mr. Polakoff, I also asked whether he could he open the USB port on my Firm PC so I could save a file." *Id.* ¶ 31. Mr. O'Brien concludes that "I believe Mr. Polakoff has conflated my two distinct lines of inquiry in a way that, unfortunately, Proskauer has exploited to lend support to its conspiracy theory." *Id.* ¶ 32.

4. Mr. O'Brien's account does not match my recollection of our conversation on December 5. As I detailed in my December 27, 2022 declaration, on December 5, 2022 at approximately 1:09 p.m. EST, Mr. O'Brien called me at my direct phone number. He asked me for access to download files from his work computer to removable media—a thumb drive, in particular—to provide requested information to a consultant hired by the Firm.

5. At no point did Mr. O'Brien convey to me on December 5 that he was downloading files to removable media for his own use or to take them with him on a vacation.

6. Mr. O'Brien states further that "on December 16, I again asked for the USB port to be opened." *Id.* ¶ 35. He then says that he saved a file to a USB and brought it with him to Mauritius. *Id.*

7. Once again, during our phone call on December 16, 2022, Mr. O'Brien did not say he wanted to download files to removable media for his own use or to take them with him on a vacation to Mauritius. Rather, Mr. O'Brien stated that he needed the access rights because he had forgotten to send one particular file to the consultant.

8. I am confident that I understood Mr. O'Brien's requests on December 5 and December 16 correctly and that the contemporaneous written "tickets" that were created

to assist Mr. O'Brien accurately (which are attached as Exhibits 1 and 2 to my December 27 declaration) reflected his requests at that time. As reflected in Exhibit 1 to my prior declaration, Mr. O'Brien told me he needed access to "download data from local drive to a USB to provide to consultants." As reflected in Exhibit 2 to my prior declaration, Mr. O'Brien again told me that he needed to "provide information to consultants."

9. To the best of my recollection, no Proskauer employee has requested or been granted an exception to Firm policies prohibiting downloading of Firm information to external devices to enable them to work remotely while on vacation. This includes Mr. O'Brien.

Executed at New York, New York on this 18th day of January 2023. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Kevin M. Polakoff