# EXHIBIT 1

**Fried, Jaime**

| | |
|---|---|
| **From:** | Russell Beck <rbeck@beckreed.com> |
| **Sent:** | Tuesday, January 17, 2023 5:58 AM |
| **To:** | Saunders, Adam C. |
| **Cc:** | Nicole Daly; Sarah Tishler; Goodman, Mark P.; Fried, Jaime; Mervis, Michael T.; Lin, Linda; Hamid, Jyotin |
| **Subject:** | Re: O'Brien -- Items Not Returned |

**\*EXTERNAL\***

Good morning Adam,

In short, we will have it back to you promptly.

But, for more detail, I am sure I don't need to remind you that we sent you the protocol a week ago last Friday. You returned it to us late on Tuesday in a form that was both barely recognizable and with search terms that were so overly broad that you may as well have just asked to search for "*.*" —needless to say, that is also not a real starting point.

To keep things moving while we opposed Proskauer's request for injunctive relief, we asked if you would narrow them. You've refused to "bid against" yourself. Given the professed urgency, I would have thought that advancing the discussions, as opposed to staking out a bargaining position with respect to a forensic protocol, would have been Proskauer's goal. Regardless, as we've already said, we'll attempt to redline the protocol in a way that strikes a reasonable compromise.

We would have turned back to that already but, as you know, rather than getting back to us as you stated you would, you filed your motion about the iPhone password on Friday night. As a result, we will respond to your motion and then turn back to the protocol. You will have the protocol promptly after that, unless you serve another motion that we need to deal with in the interim.

Thanks,

RB

Russell Beck
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, MA  02110
Direct: 617-500-8670 | Fax: 617-500-8665 | Main: 617-500-8660
Web: beckreedriden.com
FCL Blog: faircompetitionlaw.com
LinkedIn: linkedin.com/in/russellbeckesq

CONFIDENTIALITY NOTICE:  This email message and any attachments are confidential and may be protected by the attorney-client privilege or attorney work product doctrine. If you are not the intended recipient, please destroy and do not save this email, any attachments thereto, or copies thereof. Please notify the sender immediately by reply email or telephone. Please note that we do not provide tax advice, and this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

On Jan 16, 2023, at 2:44 PM, Saunders, Adam C. <asaunders@debevoise.com> wrote:

Nicole and Sarah – Please let us know when we can expect to receive your markup of the protocol as discussed on our call last Thursday.

Thanks,
Adam

**Debevoise**
**&Plimpton**

**Adam C. Saunders**
Associate

asaunders@debevoise.com
+1 212 909 6761 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Saunders, Adam C.
**Sent:** Tuesday, January 10, 2023 3:49 PM
**To:** 'Nicole Daly' <ndaly@beckreed.com>; Hamid, Jyotin <jhamid@debevoise.com>
**Cc:** Russell Beck <rbeck@beckreed.com>; Sarah Tishler <tishler@beckreed.com>; Goodman, Mark P. <mpgoodman@debevoise.com>; Fried, Jaime <jmfried@debevoise.com>; Mervis, Michael T. <MMervis@proskauer.com>; Lin, Linda <llin@debevoise.com>
**Subject:** RE: O'Brien -- Items Not Returned

Nicole,

Attached is a revised forensic protocol along with a redline showing our revisions to your draft sent last Friday.  Please let us know if it would be helpful to schedule a call to discuss.

We will get back to you on next steps concerning the iPhone password.

Regards,
Adam

**Debevoise**
**&Plimpton**

**Adam C. Saunders**
Associate

asaunders@debevoise.com
+1 212 909 6761 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Nicole Daly <ndaly@beckreed.com>
**Sent:** Tuesday, January 10, 2023 1:24 PM
**To:** Hamid, Jyotin <jhamid@debevoise.com>
**Cc:** Russell Beck <rbeck@beckreed.com>; Sarah Tishler <tishler@beckreed.com>; Goodman, Mark P. <mpgoodman@debevoise.com>; Saunders, Adam C. <asaunders@debevoise.com>; Fried, Jaime <jmfried@debevoise.com>; Mervis, Michael T. <MMervis@proskauer.com>
**Subject:** Re: O'Brien -- Items Not Returned

**\*EXTERNAL\***

Joe:

Thank you for your time yesterday. We want to reiterate that Mr. O'Brien does not seek to prevent Proskauer in any way whatsoever from reviewing and accessing Proskauer information. We are asking only for confirmation that Proskauer will not review Mr. O'Brien's personal information and communications absent a reasonable protocol that protects the privacy interests of Mr. O'Brien and third parties.

To provide a bit more context, in addition to things like his personal emails regarding finances and the like, there are communications with his wife, attorneys, and Paul Hastings. The former two are privileged and the latter are subject to a nondisclosure agreement. Please let us know if you will reconsider your position. If another phone call might help us get to a resolution on this, please just let us know when you'd like to speak.

If we cannot ultimately agree, pursuant to local practice, we will send you a draft of a joint letter setting out our position so that you can insert your position. We can then jointly raise the issue with the Court.

Additionally, I wanted to follow up again on the status of the proposed forensic protocol that we sent Friday. Will you be able to send comments today? Thank you.

Nicole Corvini Daly
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, MA  02110
Direct: 617-500-8669 | Fax: 617-500-8665 | Main: 617-500-8660
Web: beckreedriden.com

CONFIDENTIALITY NOTICE:  This email message and any attachments are confidential and may be protected by the attorney-client privilege or attorney work product doctrine.  If you are not the intended recipient, please destroy and do not save this email, any attachments thereto, or copies thereof.  Please notify the sender immediately by reply email or telephone.  Please note that we do not provide tax advice, and this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

On Mon, Jan 9, 2023 at 8:36 PM Hamid, Jyotin <jhamid@debevoise.com> wrote:

Hi Nicole:

As discussed on the call this afternoon, Mr. O'Brien's ongoing refusal to provide the password for the Proskauer-owned iPhone he was issued and has now returned is a violation of both the Proskauer policies to which he agreed (and, as COO, was in fact responsible for implementing and enforcing) and the terms of the TRO.  Proskauer's Computer and Communications Use and Data Protection Policy (the "Policy"), which was reviewed by Mr. O'Brien and by which he agreed to be bound, makes clear that he has no reasonable expectation of privacy with respect to any personal communications he may have stored on the device.

Specifically, Section 9.10.2 of the Policy provides that the "device is and remains owned by the Firm, and to the extent permitted by law you waive any expectation of privacy with respect to the device and the data, content and materials on it or transmitted through it.  To the extent permitted by law, the Firm has the right to monitor your use of the device

and any data, content and materials on it or transmitted through it, whether personal or not, and you consent to this."  The provision goes on to state expressly that Mr. O'Brien is obligated to provide the password: "Since your device is owned by the Firm, the device password is also owned by the Firm and to the extent permitted by law, you agree to provide it to the Firm upon request."

Additionally, the TRO ordered Mr. O'Brien to "return to Proskauer any and all of Proskauer's proprietary, confidential, and/or trade secret information . . .  in his possession" and to "permit the permanent removal, deletion, and destruction of all copies of Proskauer's electronic files or information transmitted to Mr. O'Brien's computers or personal email accounts or otherwise in his possession."  *See* ECF No. 15 at 3-4.  By refusing to provide the password, Mr. O'Brien is obstructing the efforts that he was ordered to permit.

Our analysis reveals that not only is Mr. O'Brien violating the Policy to which he agreed and the terms of the TRO, but that he has also deleted the mobile device management software that would have enabled the Firm to access its own device without a password.

Proskauer has a compelling interest in reviewing the content of its own device in connection with its ongoing investigation and the pending litigation.  Mr. O'Brien's obstruction of that work, based on a purported concern about privacy, is unsustainable since he expressly acknowledged having no reasonable expectation of privacy and expressly consented to Proskauer reviewing any personal communications on the device.  We hope that Mr. O'Brien will reconsider his obstructionist approach and provide the password immediately.  Proskauer reserves the right to seek appropriate relief if he does not.

As for the monitors and the powerpack (which is a portable battery), please let us know if we can make arrangements for those to be picked up tomorrow.

Best,
Joe

**From:** Nicole Daly <ndaly@beckreed.com>
**Sent:** Monday, January 9, 2023 9:16 AM
**To:** Hamid, Jyotin <jhamid@debevoise.com>
**Cc:** Russell Beck <rbeck@beckreed.com>; Sarah Tishler <tishler@beckreed.com>; Goodman, Mark P. <mpgoodman@debevoise.com>; Saunders, Adam C. <asaunders@debevoise.com>; Fried, Jaime <jmfried@debevoise.com>
**Subject:** Re: O'Brien -- Items Not Returned

**\*EXTERNAL\***

---

Hi Joe:

Mr. O'Brien overlooked the monitors. He is not sure what a power pack is. This is why we repeatedly requested an inventory that, unfortunately, you did not provide. In any event, he's happy to return the monitors promptly as well as the power pack once he understands what it is (assuming he has it).

As to the password, I do not have it. I suspect there was a miscommunication with whomever picked up the devices. In any event, I realize that I did not specifically request confirmation re: the treatment of personal information in my last email on that subject (although I would have expected a response). In that email, I said:

> As to the items being picked up from Mr. O'Brien today, one device is a phone. While it was a Proskauer-issued phone (and is, accordingly, being returned today), Mr. O'Brien was permitted to (and did) use it as a personal phone as well. I am sure there is also personal information on some of the other devices. I expect it goes without saying, but we expect that Mr. O'Brien's personal information, including *e.g.* texts and financial

documents, will not be touched by your firm or anyone else absent a negotiated protocol. If you disagree, let's discuss early next week.

Could you please confirm that you/Proskauer will not review Mr. O'Brien's personal information until we have a protocol in place for the handling of that type of information (*e.g.*, personal communications, personal financial information, and the communications and information of third parties)? With that confirmation, I will get the password for you.

Nicole Corvini Daly
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, MA  02110
Direct: 617-500-8669 | Fax: 617-500-8665 | Main: 617-500-8660
Web: beckreedriden.com

CONFIDENTIALITY NOTICE:  This email message and any attachments are confidential and may be protected by the attorney-client privilege or attorney work product doctrine.  If you are not the intended recipient, please destroy and do not save this email, any attachments thereto, or copies thereof.  Please notify the sender immediately by reply email or telephone.  Please note that we do not provide tax advice, and this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

On Sun, Jan 8, 2023 at 5:34 PM Hamid, Jyotin <jhamid@debevoise.com> wrote:

Hi Russell, Nicole and Sarah:

On Friday, we took custody of one iPhone, three thumb drives, three Lenovo laptops, one Microsoft Surface laptop, two desk phones, and multiple binders of paper documents from Mr. O'Brien.  Proskauer's records indicate that Mr. O'Brien also possesses a Proskauer power pack (Serial No. 1Z81RF280312077945) and two Proskauer HP monitors (Serial Nos. CNC01635BP, CBC01635BW).

Please let us know why those items were not returned on Friday and make arrangements for their immediate return.  In addition, on Friday, January 6, Mr. O'Brien represented to the persons who took custody of his Proskauer iPhone that his lawyers are in possession of the password for that device.  The iPhone is Proskauer property (not Mr. O'Brien's personal property), and we ask that you provide the password for it immediately.  If Mr. O'Brien is unwilling to promptly provide the password, we will consider his failure to do so a violation of his obligations under the TRO and will seek relief from the court.

Thank you,
Joe