**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROSKAUER ROSE LLP,<br><br>*Plaintiff,*<br><br>v.<br><br>JONATHAN O'BRIEN<br><br>*Defendant.* | Civil Action No. 1:22-cv-10918 |

### DECLARATION OF JONATHAN O'BRIEN
### CONCERNING PERSONAL DEVICES

Jonathan O'Brien makes the following declaration pursuant to 28 U.S.C. § 1746:

1. I am 55 years old.

2. I submit this Declaration in further response to the "Motion for Order to Show Cause to Enforce the Temporary Restraining Order" and associated declarations filed by Proskauer Rose LLP ("Proskauer").

### PERSONAL DEVICES AND ACCOUNTS

3. I have conducted a thorough search to identify all personal devices and accounts in my possession, custody, or control.

4. I have identified all such devices and accounts that I believe could possibly have Proskauer's information on them from any point during my entire seven-year employment with the firm. To be clear, I do not know if they in fact have Proskauer's information on them, but I have been overinclusive in identifying all possible devices and accounts to avoid any possibility that I may miss something.

5. The following is an inventory of those devices:

- Lenovo ThinkPad laptop
- PowerSpec G221 desktop computer
- iPad
- iPhone
- Apple watch
- 8 USB drives

6. The following is an inventory of those accounts:

- Email:
    - Jonathan_obrien@msn.com
    - Jonathan_obrien@outlook.com
    - Cg_rtm@msn.com
    - Jobby525@gmail.com
- Other cloud accounts
    - Apple
    - Carbonite backup

**NO ABILITY TO ACCESS TO PERSONAL DEVICES OR ACCOUNTS**

7. On the morning of January 23, I transferred all the identified devices to my counsel at Yankwitt LLP. Like the accounts, those were all of the devices I can even conceive may have any Proskauer materials from any point of my employment.

8. I no longer have access to any of those devices.

9. As a consequence, and having already returned all Proskauer-issued devices to Proskauer, to the absolute best of my knowledge, I no longer have possession of or any access to any Proskauer information, from any point in my seven years there.

2

10. Further, I am now using a previously-unused, unboxed iPad, a brand new phone, and a new email account.

11. Just to avoid any doubts, I have not connected my new devices to any of the accounts I turned over to the forensics company – nor can I.

12. Additionally, over the past few days, I worked with an e-discovery/forensics consultant at iDiscovery Solutions, Inc. to eliminate my access to all identified accounts. Those were all of the accounts I can even conceive may have any Proskauer materials from any point of my employment.

13. I no longer have access to any of those accounts.

14. I have taken these additional measures discussed above to demonstrate good faith and in an abundance of caution in the face of Proskauer's continuing litany of baseless allegations.

15. So that there is no misinterpreting the reason behind these actions, I want to be clear, again, that, as I have previously stated, I did not take or use for anyone other than Proskauer any of Proskauer's alleged trade secrets or other confidential information at issue in this litigation (or otherwise). Further, to again reiterate, at no point did I discuss or share any of Proskauer's alleged trade secrets or other confidential information with Paul Hastings (or anyone other than Proskauer) or promise to bring any such information with me to Paul Hastings or anywhere else.

16. I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 23, 2023
      Verplanck, New York

_____
Jonathan O'Brien