

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

February 3, 2023

**BY ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

    **Re: Proskauer Rose LLP v. O'Brien, No. 1:22-CV-10918-AT (S.D.N.Y.)**

Dear Judge Torres,

We represent Plaintiff Proskauer Rose LLP ("Proskauer" or the "Firm") in the above-referenced action. We write in response to the letter submitted by Defendant Jonathan O'Brien ("O'Brien") dated January 27, 2023 [ECF No. 62] concerning Counts II and V of Proskauer's Complaint. For the reasons stated below, Proskauer declines to dismiss Count II of its Complaint, but agrees to voluntarily dismiss Count V, without prejudice, in light of new information received since the Complaint was filed and in the interest of efficiency and judicial economy.

I. <u>Count II of the Complaint Adequately States a Claim for Common Law Misappropriation of Trade Secrets</u>

O'Brien's conduct meets the standard for misappropriation of trade secrets under New York common law.

According to O'Brien, Proskauer's Complaint fails to plead use or disclosure of the stolen trade secrets to injure Proskauer. But New York law defines "use" broadly as "any exploitation of the trade secret that is likely to result in . . . enrichment to the defendant." *KCG Holdings, Inc. v. Khandekar*, 2020 WL 1189302, at *13 (S.D.N.Y. Mar. 12, 2020) ("There are no technical limitations on the nature of the conduct that constitutes 'use' of a trade secret . . . As a general matter, any exploitation of the trade secret that is likely to result in injury to the trade secret owner **or** enrichment to the defendant is a 'use.'") (emphasis added); Restatement 3d of Unfair Competition, § 49 cmt. c (1995) (same).

The Honorable Analisa Torres                                      2                                      February 3, 2023

In its Complaint, Proskauer asserts repeatedly that O'Brien obtained an improper benefit by stealing Proskauer's trade secrets because he could use those materials to shop himself to competitors. Proskauer also specifically pleads that O'Brien likely disclosed or otherwise touted his possession of Proskauer's materials to entice and eventually procure new employment opportunities:

- "Mr. O'Brien knew this information would be highly useful to Proskauer's competitors, as it would enable them to effectively target and recruit Proskauer's partners, practice groups, and clients. The information would also enable Mr. O'Brien to hit the ground running on behalf of another firm, whether as an employee or a consultant. He would not have to expend time, effort, and resources creating effective analytical, modeling, and other systems and methods if he simply lifted them wholesale from Proskauer." Compl. [ECF No. 1] ¶ 5.

- "It is a fair inference that Mr. O'Brien will join a competing law firm, or work as a consultant to law firms that compete with Proskauer. The huge, vital trove of proprietary information that Mr. O'Brien misappropriated would be highly useful to Proskauer's competitors, which would make Mr. O'Brien more valuable – whether as an employee or a consultant."[1] *Id.* ¶ 14.

- "There is no reasonable conclusion other than Mr. O'Brien intends to use this proprietary tool for the benefit of his new employer." *Id.* ¶ 72.

- "On information and belief, Mr. O'Brien has shared, or is planning to share, this confidential information with others who may use, or are using, the information to Proskauer's detriment." *Id.* ¶¶ 113, 121, 127.

In light of Proskauer's pleadings and the broad interpretation of "use" under New York law, the Court may reasonably conclude that the facts as pled satisfy the New York common law standard. This is especially true on a motion to dismiss, where all reasonable inferences are drawn in the plaintiff's favor.

Moreover, the extent to which O'Brien disclosed or otherwise used the Proskauer materials at issue is necessarily within O'Brien's own knowledge and that of one or more third parties. *Next Communs. v. Viber Media*, No. 14-cv-8190 (RJS), 2016 WL 1275659, at *5 (S.D.N.Y. Mar. 20, 2016) ("without discovery, it is to be expected that Plaintiffs would have limited knowledge of the extent to which Defendant has used their trade secrets"). O'Brien had ample opportunity to transfer Proskauer's data onto any number of personal devices or online accounts (none of which are presently available to Proskauer), and O'Brien admits to taking home with him the

---

[1] O'Brien has since admitted that he planned to join Paul Hastings LLP, a law firm that competes directly with Proskauer.

The Honorable Analisa Torres                    3                    February 3, 2023

USBs containing Proskauer's trade secrets and plugging at least one of them into a computer outside of Proskauer's network.  O'Brien Decl. [ECF No. 32] ¶ 37.  Having sufficiently alleged a misappropriation claim, Proskauer is entitled to discovery of O'Brien and relevant third parties to determine the extent to which O'Brien shared or otherwise used Proskauer's data in contravention of his duties to the Firm and the law, and dismissal of Proskauer's claim prior to such discovery would be improper.

II. Proskauer Will Voluntarily Dismiss Its Claim For Conversion

Although Proskauer disagrees with O'Brien's portrayal of the relevant law governing its conversion claim, Proskauer is willing to voluntarily dismiss this claim without prejudice for two reasons:

- *First*, despite O'Brien's efforts to conceal his misconduct and interfere with the Firm's possession of its trade secrets by engaging in the wholesale deletion of thousands of email messages, documents, and other files from Proskauer's systems, Proskauer fortunately has been able to recover the data that O'Brien deleted.  At the time Proskauer filed its Complaint, the Firm was concerned that all of the deleted materials could not be recovered.

- *Second*, in light of the above, Proskauer believes that the damage caused by O'Brien's theft of its property and the relief sought in its conversion claim are adequately encompassed by the other claims set forth in the Complaint.

Because it was able to recover the deleted data, and in the interest of judicial economy and efficiency, Proskauer will voluntarily dismiss Count V of the Complaint without prejudice.

***

For the foregoing reasons, Proskauer declines to dismiss Count II but will dismiss Count V of the Complaint without prejudice.

               Respectfully submitted,

               DEBEVOISE & PLIMPTON LLP

               */s Mark P. Goodman*
               Mark P. Goodman